FILED

APR 26 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| LINDA LEE CORBIN, ) | No. 4:05-bk-06707-JMM |
| ) | |
| ) | **MEMORANDUM DECISION RE:** |
| ) | |
| Debtor. ) | **CONFIRMATION** |

On April 2, 2007, this court conducted an evidentiary hearing concerning confirmation of the Debtor's plan. One objection was heard. It was filed by Michael Lee Roberts. Also before the court was the issue of whether, if the plan is not confirmed, the case should be converted to a chapter 7 liquidation.

Michael Lee Roberts is an unsecured creditor, and former spouse of the Debtor. He filed an unsecured claim for $96,859.50. To date, the unsecured claims filed in the case are $146,272.58 (Claims Register).

The Debtor's amended plan was filed on January 9, 2006 (Dkt. #11). It is a 36-month plan which calls for two months of $2,000 per month payments, followed by 34 monthly payments of $1,625. The total to be paid to the Trustee is $59,250.

Unsecured claims on file are:

| No. | Claimant | Amount |
|---|---|---|
| 1 | Wells Fargo Bank | 14,957.46 |
| 2 | Wells Fargo Credit Card | 2,314.67 |
| 3 | American Express | 2,294.84 |
| 4 | American Express Bank | 3,221.60 |
| 5 | Chase Manhattan | 9,981.91 |
| 6 | World Financial Network Bank | 141.38 |

| | | |
|---|---|---:|
| 7 | Michael Lee Roberts | 96,859.50 |
| 8 | eCast | 6,422.45 |
| 9 | eCast | <u>10,078.77</u> |
| | Total | $146,272.58 |

The only secured claim, filed by Citizen's Bank, is $32,238 (Claim No. 10). The debt relates to a 2005 Infiniti motor vehicle. The plan proposes to pay this debt through the Trustee, with 8% interest. The contract, however, only carries a 6.54% annual percentage rate.

Pursuant to the plan's intent, the payments to be made would then be distributed as follows:

| | |
|---|---:|
| <u>Paid In:</u> | <u>59,250</u> |
| Less: | |
|     Trustee (up to 10%) | 5,925 |
|     Attorneys' fees | 2,000 |
|     IRS[1] | 1,672 |
|     Citizen's Bank[2] | 32,238 |
|     Unsecured creditors | <u>17,415</u> |
| Total | $59,250 |

The above numbers may vary slightly if (1) the Trustee reduces her percentage; (2) the IRS is not paid through the plan; and/or (3) attorneys' fees increase.

Under the current plan, unsecured creditors will received an approximate dividend of 12%. Mr. Roberts' claim represents about two-thirds of the total unsecured claims on file.

### The Debtor's Income

The Debtor makes $6,666 per month. In her schedules, there are deductions for health insurance, taken out prior to arriving at a monthly disposable income of $4,365.00 (Ex. A). The Debtor

---

[1] No claim filed.

[2] Per claim.

testified credibly as to how her monthly expenses deviate slightly from the Amended Schedules I and J. From the range suggested by the Debtor, the court arrived at a budget of:

| | |
|---|---:|
| Rent | 845 |
| Electricity | 175 |
| Water/Sewer | 25 |
| Cable | 101 |
| Telephone/Cell | 94 |
| Food | 260 |
| Clothing | 60 |
| Laundry | 120 |
| Medical/Dental | 160 |
| Transportation costs | 250 |
| Recreation | 27 |
| Renter's insurance | 35 |
| Auto insurance | 120 |
| Personal Care | 125 |
| Pet care (boarding) | <u>140</u> |
| Total Monthly Expenses | 2,537 |

This, then, leaves the Debtor with a monthly disposable income of $1,828 ($4,365 less $2,537 = $1,828). That figure, multiplied by 36 months, equals $65,808.

Thus, the court concludes that the Debtor is not devoting all of her net disposable income to the plan. Therefore, at this time, the court finds that the current plan cannot be confirmed. 11 U.S.C. § 1325(b)(1)(B).

However, the court also concludes that, even under the current plan, the Debtor is paying her creditors more than they would receive on liquidation. She therefore has satisfied § 11 U.S.C. 1325(a)(4).

The next issue deals with the Debtor's good faith in both the filing of the chapter 13 in the first instance, and in the later proposal of the plan. 11 U.S.C. § 1325(a)(3) and (7). The court, after hearing the evidence, concludes that the chapter 13 case was filed in good faith § 1325(a)(7).

3

However, the court struggles with the good faith of the current plan. Specifically, this has to do solely with the treatment of the Infiniti car lien. Under non-bankruptcy law, the debt to the secured creditor calls for 60 monthly payments of $632.20 each, at a 6.54% annual interest rate. Under the plan, that obligation unnecessarily accelerates payment and increases the interest rate. This auto debt, in order for the plan to be accorded good faith, can be remedied by simply leaving it unimpaired and paying it "outside" the plan. Such payment would then alter Schedule J, and such payment would be placed in the monthly expense category. The plan can be so modified without prejudicing the unsecured creditors. § 1323.

Therefore, the court concludes that it may not confirm the current plan. The plan failed to meet the requirements of § 1325(a)(1) and (3). However, all of the other elements of § 1325(a) were met.

As for the Trustee's objection to the plan, the Trustee did not participate in the proceedings, and therefore has waived her objection (Dkt. #16). Moreover, since most of the Trustee's objections appeared to be related to the production of documents which supported Schedule J, it would seem that the Trustee received such proof and is satisfied therewith.

Accordingly, the confirmation of the amended plan is DENIED, without prejudice. If the Debtor fails to file an amended plan within 30 days from the date of this order, the Clerk is directed to dismiss the case.

As for the motion to convert to chapter 7, the creditor's motion is DENIED, as adequate cause to do so was not proven by a preponderance of the evidence. 11 U.S.C. § 1307(c).

A separate order will be entered.

DATED: April 26, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | COPIES served as indicated below this 26th day of April, 2007, upon: |
| 2 | |
| 3 | Alan R. Solot<br>Tilton & Solot<br>459 N. Granada Ave. |
| 4 | Tucson, AZ 85701<br>Email arsolot@tiltonandsolot.com |
| 5 | |
| 6 | Rob Charles<br>Lewis and Roca LLP<br>One South Church Avenue, Suite 700 |
| 7 | Tucson, Arizona 85701-1611<br>Email rcharles@lrlaw.com |
| 8 | |
| 9 | Dianne C. Kerns, Trustee<br>7320 N. La Cholla #154<br>PMB 413 |
| 10 | Tucson, AZ 85741-2305<br>Email mail@dcktrustee.com |
| 11 | |
| 12 | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 13 | U.S. Mail |
| 14 | |
| 15 | By /s/ M. B. Thompson<br>      Judicial Assistant |

5